UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 16-5325 DSF (JPRx) | Date | 9/2/16 |
| Title | Gregory Weaver v. Bright Horizons Family Solutions, Inc., et al. | | |

DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order DENYING Plaintiff's Motion to Remand (Doc. # 19), GRANTING Defendant Lisa Henley's Motion to Dismiss (Doc. # 13), and GRANTING IN PART and DENYING IN PART Defendants Bright Horizons Family Solutions, Inc. and Bright Horizons Children's Centers LLC's Motion to Dismiss (Doc. # 14)

    Before the Court is Plaintiff's Motion to Remand, Defendant Lisa Henley's Motion to Dismiss Plaintiff's Complaint, and Defendant Bright Horizons Family Solutions, Inc. and Bright Horizons Children's Centers LLC's (collectively, Bright Horizons) Motion to Dismiss Plaintiff's First, Fourth, and Sixth Causes of Action. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

    For the following reasons, the Court DENIES Plaintiff's Motion to Remand, GRANTS Defendant Henley's Motion to Dismiss, and GRANTS Defendant Bright Horizons' Motion to Dismiss in part and DENIES it in part.

## I. PROCEDURAL BACKGROUND

    On October 29, 2014, Marcie Weaver filed a complaint with the Department of Fair Employment and Housing (DFEH) alleging that Bright Horizons Family Solutions, Inc. discriminated against, wrongfully terminated, and denied reasonable accommodation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

and a good faith interactive process to her on the basis of her medical condition in violation of the California Fair Employment and Housing Act (FEHA). Compl., Ex. A. The DFEH issued a right to sue letter. Id., Ex. B

On June 30, 2015, Ms. Weaver filed her complaint in Los Angeles Superior Court alleging: (1) wrongful termination in violation of public policy; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) employment discrimination; (5) intentional infliction of emotional distress (IIED); and (6) negligent infliction of emotional distress (NIED). Gregory Weaver, personal representative of the estate of Marcie Weaver, then filed his First Amended Complaint (FAC) on May 4, 2016, replacing the deceased Marcie Weaver as Plaintiff. Defendants removed the case.

## II. FACTUAL BACKRGROUND

Marcie Weaver worked for Bright Horizons as a supervisor and client liaison starting February 21, 1994. According to the FAC, on or about July 1, 2013, Defendants terminated Ms. Weaver on account of her partial disability from cancer. Preceding the termination defendants "began to pressure plaintiff concerning the need for her to work increased hours despite her medical condition of [c]ancer." FAC ¶ 9. Defendants also ignored Ms. Weaver's requests for accommodations to her duties and work schedule and "forc[ed] plaintiff to do tasks which they knew were impossible for her to do but which could have been assigned to other team members." FAC ¶ 14.

## III. DISCUSSION

### A. Defendant Bright Horizons' Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted). But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original; citation and internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 679 (alteration in original; internal quotation marks and citation omitted).

### 1. Fourth Cause of Action for Employment Discrimination in Violation of FEHA

Before a plaintiff files an action based on violations of FEHA, she must have first exhausted her administrative remedies "by filing a complaint with the Department of Fair Employment and Housing" and obtaining "a notice of right to sue." Morgan v. Regents of the Univ. of California, 88 Cal. App. 4th 52, 63 (2000) (citing Cal. Gov. Code § 12960). Under FEHA, "[n]o complaint may be filed [with DFEH] after the expiration of one year from the date upon which the alleged unlawful practice . . . occurred." Cal. Gov. Code § 12960(d).

Based on the allegations of the FAC, to be timely, Ms. Weaver's DFEH Complaint should have been filed by July 1, 2014. Apparently in recognition that it was late by nearly four months, the FAC alleges that Ms. Weaver's medical condition extended the DFEH limitations period. FAC ¶ 41. The Court finds no California law to support tolling on this basis, and the Plaintiff provides none.

The doctrine of equitable tolling serves to "suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003). Equitable tolling "toll[s] the statute of limitations on a claim during the period in which a plaintiff pursues another remedy for the harm that the plaintiff suffered." Hopkins v. Kedzierski, 225 Cal. App. 4th 736, 746

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

(2014) (citing to Elkins v. Derby, 12 Cal. 3d 410, 414 (1974)). To invoke the doctrine, the plaintiff must demonstrate "timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." McDonald v. Antelope Valley Community College Dist., 45 Cal. 4th 88, 102 (2008) (citations omitted). "The timely notice requirement essentially means that the first claim must have been filed within the statutory period." Id. at 102, n. 2.

Plaintiff asserts for the first time in the Opposition that Ms. Weaver "sought internal administrative remedies prior to filing the DFEH claim." Pl.'s Opp'n at 6. Without converting the present motion into a motion for summary judgment, the Court can only consider allegations in the complaint. In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). The FAC does not allege any attempts made by Ms. Weaver to obtain a remedy prior to filing the FAC. The FAC fails to demonstrate that equitable tolling is appropriate.

Plaintiff may be able to allege facts to support equitable tolling, but the FAC fails to do so. Plaintiff may amend his complaint provided he does so within the confines of Rule 11 of the Federal Rules of Civil Procedure.

## 2. First Cause of Action for Tortious Discharge in Violation of Public Policy

Unlike Plaintiff's FEHA claim, his wrongful termination claim is not subject to an administrative exhaustion requirement. Stevenson v. Superior Court, 16 Cal. 4th 880, 890 (1997) ("[A] plaintiff need not exhaust administrative remedies under FEHA before asserting a common law claim."). Under Cal. Civ. Proc. Code § 335.1, a wrongful termination in violation of public policy claim has a two-year statute of limitations. Accordingly, Plaintiff has brought his wrongful termination claim within the statute of limitations.

## 3. Sixth Cause of Action for Negligent Infliction of Emotional Distress

Plaintiff does not oppose the dismissal of his NIED claim. See Pl.'s Opp'n at 2. This claim is dismissed with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

## B.     Plaintiff's Motion to Remand and Defendant Henley's Motion to Dismiss[1]

A defendant who is a resident of the forum state is fraudulently joined "if the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (emphasis added); see also Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393 (5th Cir. 2000) (finding fraudulent joinder where there is "no reasonable basis" for liability); Goularte v. Abex Corp., No. C 97-1265 FMS, 1997 U.S. Dist. LEXIS 7611, at *4 (N.D. Cal. May 28, 1997) ("[T]he removing defendant has the heavy burden of showing that there is no possibility that the plaintiff will be able to establish a cause of action against the nonremoving defendant."). "In evaluating fraudulent joinder claims, [the court] must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party . . . . [and] then . . . determine whether that party has any possibility of recovery against the party whose joinder is questioned." Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992). The court must "not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so." Id.

Plaintiff has failed to state a claim against Henley and the failure is obvious according to the settled law of California. The only claim against Henley is for intentional infliction of emotional distress (IIED). Henley is alleged to have ignored Plaintiff's requests for accommodation and to have given Plaintiff work assignments that she could not perform. This all culminated in Plaintiff's termination. An individual supervisor cannot be held personally liable for violation of the California Fair Employment and Housing Act. Reno v. Baird, 18 Cal. 4th 640, 643 (1998). Nor can one be held liable for the same conduct through another type of claim, such as the common law action of termination in violation of public policy. Id. at 664 ("It would be absurd to forbid a plaintiff to sue a supervisor under the FEHA, then allow essentially the same action under a different rubric."). The IIED claim against Henley is entirely based on conduct that allegedly violates FEHA and is barred by Reno v. Baird. Although Plaintiff

---

[1] Defendant Henley contends that Plaintiff failed to meet and confer prior to the filing of these motions in violation of Local Rule 7-3 and this Court's Standing Order. To the extent that Plaintiff has failed to do so, the Court admonishes him that future transgressions of this Court's Local Rules and Standing Orders may result in the imposition of sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

may be able to provide factual allegations rendering this claim plausible, the FAC fails to do so.

Plaintiff does not oppose the dismissal of Claims One, Two, Three, Four, and Six. See Pl.'s Opp'n at 1. These claims are dismissed with prejudice.

## IV. CONCLUSION

Plaintiff's Motion to Remand is DENIED. Defendant Henley's Motion to Dismiss Plaintiff's wrongful termination, breach of contract, discrimination, and NIED claims is unopposed and is GRANTED with prejudice. Defendant Henley's Motion to Dismiss Plaintiff's IIED claim is GRANTED with leave to amend. Defendant Bright Horizons' Motion to Dismiss Plaintiff's NIED claim is GRANTED with prejudice. Defendant Bright Horizons' Motion to Dismiss with respect to Plaintiff's discrimination claim is GRANTED with leave to amend. Defendant Bright Horizons' Motion to Dismiss Plaintiff's wrongful termination claim is DENIED.

An amended complaint must be filed and served no later than September 30, 2016. Failure to file by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims. Leave to add defendants or new claims must be sought by a separate, properly noticed motion. Defendants' response will be due by October 31. Leave to amend is granted only where specifically identified and only to cure the defects identified in this order.